712      COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,      Beach vs. Frankenberger & May,      1871.

# Charleston.

## ANDREW H. BEACH vs. FRANKENBERGER AND MAY.

### January Term, 1871.

A cellar is excavated and building erected over it, fronting on a street in Charleston, in 1835. In 1862 the building is burned. In 1866 the defendants purchase the lot; in 1867 the corporate authorities of C. widened the street so as to embrace about six feet of the front of the cellar, in which the defendants appear to have acquiesced. In 1868, the plaintiff, B., after night, fell into the cellar and sustained injuries, for which he brought suit for damages against the defendants, F. and M. The declaration alleges that the defendants made and dug the cellar. HELD:

 I. It is not necessary that a street, or portion of a street, should be dedicated to the use of the public by deed or due process of law; it may be done by use and occupation on the one side, and acquiescence on the other.

 II. The cellar being excavated at the time the authorities widened the street, the town alone would be liable for accidents, unless it should appear that the defendants did something to continue the cellar there, such as using it as an entrance to the basement of their building, subsequently erected, or something of that sort, of which fact nothing appears in the evidence.

 III. It was not error to instruct the jury that the plaintiff could not recover under his declaration, if they believed that the cellar was dug when the defendants purchased the lot.

Declaration in trespass on the case filed in the circuit court of Kanawha county, in February, 1869. A judgment for the defendants was rendered in April, 1870.

The declaration alleged that the defendants made and dug a cellar on a certain lot, &c. The proofs showed that the defendants purchased the lot in 1866, when the cellar

had been excavated in 1835, and a building erected thereon was burned in 1862.

The opinion of Judge Maxwell contains the substance of the evidence embraced in the bill of exceptions, and also the instructions asked and refused, as well as those given.

The plaintiff, Beach, brought the case here for review.

Hon. James W. Hoge, Judge of the circuit court of Kanawah county, presided on the trial of the case.

*T. B. Swann* and *Cracraft* for the plaintiff in error.

The occupier of a house is bound to rail in the area, and if an accident happens, it is no defense that the premises had been in the same situation for many years before the defendant came into possession. 2 Chitty on Pleadings, 599, and note, and 598; 3 Camp., 398.

The owner of real estate is responsible for nuisances. 2 Denio, 433; 2 Black., 420; 2 Rob. Prac., (new), 547; 4 Denio, 464; 2 Rob. Prac., (new), 557–60.

Notice of the nuisance to devisee or grantee only necessary in special cases of private nuisances, which have existed by consent or any acquiescence. *Penrobbock's case,* 3 Rep.; Coke, 205; 2 Rob. Prac., (new), 547.

If Beach had sued the corporation in the first instance, the corporation could recover back of Frankenberger and May. 2 Black., 420.

The town ordinance did not change the liability of the owners of the lot, because it did not change the ownership of property. The title cannot be in two persons at the same time. The legal ownership determines the liability. Ses. Acts, 1867, p. 155–9; Code of W. Va., 260.

*Smith & Knight* for the defendants in error.

The first instruction asked for by the plaintiff was clearly wrong. If the corporation assumed control of the premises by an ordinance, and occupied the same, or prevented the defendants from occupying the premises, and the defendants

acquiesced in and consented to the action of the corporation, the defendants are not liable. Third parties cannot inquire whether the defendants legally parted with the possession and control of the premises; that is a matter solely between the defendants and the corporation.

The second instruction asked for by the plaintiff is also wrong. It is too general to meet the circumstances of the case. It would have compelled the jury to have disregarded two points in the defense. First, that the plaintiff could not recover on his pleadings, unless he proved that the defendants excavated, as well as continued the cellar complained of; and second, that the corporation of Charleston had assumed control and possession of the premises where the plaintiff was injured.

The first instruction for defendants was right. The plaintiff alleges, in every count in his declaration, that the defendants dug and continued the cellar complained of. It is one allegation, and cannot be separated or divided, and the plaintiff must prove it, as alleged.

The form of pleadings for injuries received by the erection of a nuisance, is not the same as for continuing a nuisance, and they cannot be joined in the same count, or if joined, must be so proved. See 2 Chitty's Pleadings, page 770, and note; *Plumer* v. *Harper*, 3 N. H. Reports, page 88; *Pillsbury* v. *Moore*, 44 Me. Reports, page 156. A recovery in an action for continuing a nuisance would be no bar to a suit for its erection, and *vice versa.*

The second and third instructions of defendants are clear propositions of law; defendants did not place or erect obstructions in the highway, and if the corporation assumed control and possession of premises where obstructions already existed, and dedicated them to the public use, the corporation, if anybody, is liable, and the corporation alone.

There is no liability upon the defendants under any circumstances in this case. If the cellar was not in the public street, the defendants were not liable. See Comyns' Digest, vol. 1, p. 294, under title of "Actions of Trespass on the

Case for Nuisance?" *Harlow* v. *Humiston*, 6 Cowen, p. 189. If the cellar was in the public street, it was not put there by defendants, but was there by reason of the ordinance of September, 1867, extending the street over the cellar.   There is no other proof in the case, that the cellar intruded upon the public highway in the least.

The demurrer to the plaintiff's amended count to his declaration should have been sustained, because it does not allege that the obstruction complained of was in the street, or intruded upon the public domain, but only alleges that it was in the defendant's lot, next to, and bordering upon the street.   This sets forth no cause of action.   See authorities before cited.

The authority cited by the plaintiff, that defendants must fence in their "area," has no application to this case. The term "area" is a technnial one in architecture, and means the excavation in the side-walk of a street, for the purpose of access to the basement of the building erected thereon, and does not refer to the surface of a lot.

MAXWELL, J.   This was an action of trespass on the case by Beach against Frankenberger and May, to recover damages, caused by the plaintiff falling into the cellar of the defendants.

The declaration, as amended, contains three counts; to which and to each count thereof there was a demurrer, which was afterwards withdrawn by the defendants, and the plea of not guilty entered, on which issue was joined.

Afterwards there was a jury trial, resulting in a verdict and judgment for the defendants.

A motion was made for a new trial, which was overruled, but there is no bill of exceptions to the opinion of the court, refusing the new trial asked.

The only questions for consideration and determination here, arise on the instructions, either given or refused to be given by the court to the jury on the trial.

It appears, from the bill of exceptions, that the plaintiff

gave in evidence to the jury, a deed from Ellen McFarland to the defendants, Frankenberger and May, conveying to them the title to a certain lot of ground, situated in the town of Charleston, on Main or Front street, and on the side of said street, furthest from the Kanawha river; to which she derived title, as one of the heirs of James C. McFarland, deceased; which deed bears date on the 12th day of June, 1866. It further appears, from the bill of exceptions, that it was proved that this lot is situated upon one of the main streets in Charleston, West Virginia; that there was an old cellar upon this lot; that in 1835, a large tavern house was built upon the lot with the cellar, which was dug then; that the house was burned down in 1862, leaving the cellar uncovered, in which condition it remained up to 1868, when the plaintiff fell into the cellar about nine o'clock at night, in November of that year, from which fall he sustained severe injuries, for which he brought this suit; that the cellar was some forty to fifty feet long, twelve feet wide, and from four to seven feet deep, at the time of the fall, and was separated from the pavement on the side north of the street, in the town of Charleston, by a rock wall, extending from the foundation all around the cellar and enclosing the same, and on the side next the street, the rock wall was raised twelve inches above the level of the walk, and was twelve to eighteen inches wide. An ordinance of the town of Charleston, passed September 16th, 1867, was in evidence, as follows:

"Ordinance No. 33. Be it ordained, that hereafter all buildings, fences, erections and structures, hereafter erected or constructed on the northeast side of Front street, of the town of Charleston, shall be so erected and constructed, that there shall be at least sixty feet between said buildings fences, erections and structures, and the top or summit of the river bank; and it shall also be unlawful for any person or persons to erect, within the said town, any building or other structure, within one hundred feet of any other building, the object or purpose of which shall be to keep or

deposit powder, hay, or other combustible article or material, and use the same for such purpose, unless the same shall be erected on some public street thereof, accessible by engine, horse, &c., and in that event, a certificate from a majority of the fire wardens of said town must be first had, addressed to the common council thereof, stating that in their judgment, no damage or harm can result by the erection of such building or buildings, and permission given in writing for the erection of such proposed building, by the unanimous action of the common council of the town of Charleston; and any such building or other structure that shall hereafter be erected and used for the purpose aforesaid, may be taken down by the authorities of said town, and the costs and charges incurred in doing the same, shall be charged to, and paid by, the person or persons who shall have erected the same, and a fine, not to exceed $25 per day, be imposed on such person or persons, for each and every day such building shall be permitted to stand, by the person or persons aforesaid, after having received forty-eight (48) hours' notice from the mayor of said town to remove the same, and shall be enforced by imprisonment or otherwise.

"A copy—Teste: W. A. KELLEY, Recorder."

It was proven, that in 1835, the legal title to the lot was in J. C. McFarland. That he died, in 1863, and in the division of his estate among his heirs, it was granted by proper deed to Ellen McFarland, who conveyed it to defendants as aforesaid. That part of the cellar, into which the plaintiff fell, was upon the side of the street opposite from the river bank, but within 60 feet from the top of the bank. It was also proven, that shortly after the ordinance, before referred to was passed, and before the plaintiff received the injury complained of, the defendant, by order of the sergeant and mayor of the corporation of Charleston, moved back a meat shop, sitting over an adjacent cellar, on the same lot with the one complained of, and equally distant from the street, six feet from the front wall of said cellar, to the line prescribed in said ordinance, and that since the injury complained of, the

defendants have also erected a store-house on the cellar complained of, upon the line prescribed in said ordinance, which is six feet back from the front wall of said cellar, over which the plaintiff fell.

It was also proved by the defendants, that the sidewalk along the street where the plaintiff fell into said cellar, was then twelve feet eight inches in width, from the outer line of said cellar wall to the curbstone of the street, and that said cellar wall over which the plaintiff fell, was from four to five feet further back from the street than the front of the next building below, on the same street, but the same distance as the walk above.

The plaintiff proved that said sidewalk in front of said cellar, was from eight to ten feet in width at the time of the injury, and that there was a paved space eight feet deep between the two cellars, and adjoining the said walk.

Upon the close of the argument, plaintiff asked the court to give the jury two instructions in the words and figures following:

"1st. Before the jury can determine the premises where this accident took place, belonged to the town of Charleston and was under its control, they must be satisfied by the evidence, that it had been either conveyed to said corporation by deed from the defendants or their grantors, or that the town had come in possession of the same, by the process of the law.

"2d. If the jury believe, from the evidence, that the cellar was a nuisance, and was either made or continued by the defendants, and the plaintiff sustained the injury complained of, through no fault or negligence on his part, they should find for the plaintiff."

And the defendants asked the court to give to the jury these instructions, in the words and figures following, to wit:

"1. If the jury believe from the evidence, that the cellar or hole in which it is alleged the plaintiff fell and was injured, was made by the owner of the lot, James C. McFarland, over which he built a tavern house which was burned, and

thereby exposed the cellar or hole, in September, 1862, and so continued so exposed until his death, when one of the heirs to whom it was allotted, in 1866 sold it to the defendants, in the same condition it was at the time the plaintiff was injured, then the plaintiff cannot recover under the declaration in the case.

" 2. If the jury believe from the evidence, that after the excavation of the cellar described in plaintiff's declaration, and before the injuries complained of therein, the corporation of the town of Charleston, by an ordinance duly passed, widened the public street in front of said cellar so as to embrace some six or seven feet of the front part of said cellar, to which widening the defendants assented or acquiesced, and if they further believe from the evidence, that the plaintiff fell into that portion of said cellar, so embraced in the public street by the ordinance aforesaid, they must find for the defendants.

" 3. If the jury believe from the evidence, that the defendants were prohibited by an ordinance of the corporation of Charleston, in force before and at the time of the injuries complained of in plaintiff's declaration, from building a fence in front of the cellar described in plaintiff's declaration, and that the defendants assented to, or acquiesced in, said ordinance, and that the plaintiff fell into that portion of said cellar which the defendants were prohibited from fencing as aforesaid, they must find for the defendants."

The court refused to give the instructions asked for by the plaintiff, but gave those asked for by the defendants, and the exception was for that cause.

The first instruction asked for by the plaintiff is erroneous, in this, that it supposes a street, or portion of a street, cannot be dedicated to the public only by deed, or due process of law, whereas, it may be done by use and occupation on the one side, and acquiescence on the other.

The second instruction asked by the plaintiff is not correct, when applied to the circumstances of this case. The tendency of the evidence is, that the cellar was there before

and at the time the town widened the street at that place, and the town alone would be liable for accidents, unless it should appear that the defendants did something to continue the cellar there, such as using it as an entrance to the basement of their building, or something of that sort, and there is no evidence tending to show this state of facts; so that the instruction was not pertinent to the case, and properly refused.

There is nothing in any one of the instructions given by the court, to the prejudice of the plaintiff, according to the tendency of the evidence certified in the bill of exceptions.

As no error is apparent in the record, the judgment complained of will have to be affirmed, with damages and costs to the defendants in error.

The other Judges concurred.

JUDGMENT AFFIRMED.